AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 18 2024

MITCHELL R. ELFERS
CLERK OF COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Orangie Lee Fisher | ) | Case No. 24-1505 MJ |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 4, 2024__ in the county of __Dona Ana__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Possession with the intent to distribute a controlled substance (fentanyl) |

This criminal complaint is based on these facts:
See attached "Affidavit"

☑ Continued on the attached sheet.

_____
Complainant's signature

Ryan Buckrop, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.
         - by telephone. JHR

Date: 10/18/24

_____
Judge's signature

City and state: Las Cruces, New Mexico

Jerry H. Ritter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

1. This affidavit is made in support of a criminal complaint charging Orangie Lee Fisher (Fisher), with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession of a controlled substance with the intent to distribute (fentanyl).

2. I am a Federal Bureau of Investigation (FBI) Special Agent currently assigned to the FBI Albuquerque Division, Las Cruces Resident Agency. I have been an FBI Special Agent since August 2016. Since May 2017, I have been assigned to the FBI Southern New Mexico Safe Streets Gang Task Force (SSGTF) where I currently serve as Task Force Coordinator. In that capacity, I oversee the day-to-day operations of the SSGTF and conduct investigations of criminal organizations, violent repeat offenders, and other federal drug and firearm related crimes. As an FBI Special Agent, I am authorized to investigate crimes involving violations of the Controlled Substances Act.

3. I am familiar with the facts and circumstances of the investigation of Fisher. The information set forth in this affidavit has been derived from my own investigation or communicated to me by other sworn law enforcement officers or reliable sources. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Fisher has violated 21 U.S.C. § 841(a)(1) and (b)(1)(B).

4. Since early 2024, the FBI SSGTF along with Las Cruces/Dona Ana County Metro Narcotics (Metro Narcotics) and the Las Cruces Police Department (LCPD) have been engaged

the investigation of a drug trafficking organization (DTO) involved in the distribution of fentanyl and methamphetamine in the areas of West Picacho Avenue/17th Street, Coachlight Motel, and other areas in and around Las Cruces, NM. During the investigation, agents received information from multiple independent confidential sources that Orangie Lee Fisher was involved in the distribution of fentanyl and methamphetamine for the DTO.

5. On April 2, 2024, I obtained a federal search warrant for the motel room located at 1865 West Picacho Avenue # 202, Las Cruces, NM and the person of Orangie Lee Fisher. The search warrant was signed by U.S. Magistrate Judge Gregory J. Fouratt (Case # 24-580MR). Agents executed the search warrant on April 3, 2024 for the motel room, vehicle, and person of Fisher and recovered one suspected fentanyl pill, approximately 600 grams of suspected marijuana, approximately $5,693 in U.S. currency, multiple rounds of assorted ammunition, and firearms magazines.

6. Since mid-September 2024, based on confidential source reporting, physical surveillance, and controlled purchases of narcotics conducted from Fisher at that residence, that Fisher was living at a particular address in Las Cruces, NM (hereinafter "Fisher residence"). On October 4, 2024, Metro Narcotics agents obtained a state of New Mexico District Court search warrant for the Fisher residence.

7. Metro Narcotics agents executed the search warrant on October 4, 2024, at approximately 9:41 pm. At the time of the execution of the search warrant, Fisher was present in the residence along with other individuals. During the initial breach of the front door of the residence, Metro Narcotics agents observed Fisher sitting on the couch. Fisher was provided lawful commands by agents which he ignored and ran into a bedroom. Approximately ten seconds later, Fisher walked out of the bedroom with his hands up. During that same time, a Doña Ana

County Sheriff's Office (DASO) Special Response Team (SRT) member who was assisting with the execution of the search warrant observed an unknown individual throw an item out of one of the windows to the residence. Later during the search, agents determined that the window went to the same bedroom that Fisher was observed running to. The items that were thrown out of the window were later determined to be approximately 50 blue "M30" pills (suspected fentanyl).

8. Also during the search of the residence, agents located approximately another 100 loose blue "M30" pills (suspected fentanyl) scattered throughout the living room, kitchen, and bedroom of the residence. Agents noted that the location of the loose pills was consistent with the path that Fisher took from the couch into the bedroom to the window of the bedroom. During the search of Fisher's suspected bedroom, agents recovered a black box containing blue "M30" pills (suspected fentanyl) which was located on the air conditioning unit attached to the bedroom window.

9. During a search of Fisher's suspected bedroom, a tan colored Glock 19 Gen 4 handgun, 9mm caliber, serial number AELF349, was located in the closet to the bedroom. The handgun slide was covered with a latex glove. Agents later checked the serial number for that firearm in NCIC and learned that the firearm had been reported stolen as of March 2024 from an automobile burglary reported to Las Cruces Police Department. Based on my training and experience, I believe that Fisher may have wrapped the handgun in a latex glove to prevent his DNA and/or fingerprints from being found on the handgun.

10. The blue "M30" pills (suspected fentanyl) were collected and later weighed, and field tested. The pills had a total gross weight of 108 grams and field tested presumptively positive for the presence of fentanyl. Based on my training and experience, I am aware that the amount of suspected fentanyl pills seized is consistent with distribution.

11. Fisher was interviewed by Metro Narcotics agents on scene during the execution of the search warrant. During the post-*Miranda* interview, Fisher advised agents that he did not live at the residence and that there were no drugs inside the residence other than marijuana. Fisher advised that he was not aware that there was a firearm inside the residence.

12. Based on the foregoing, there is probable cause to believe that Orangie Lee Fisher committed a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Possession of a controlled substance with the intent to distribute (fentanyl).

13. Assistant United States Attorney Maria Armijo approved the charges filed in this criminal complaint.

DATED: _____

_____
Ryan Buckrop
Special Agent
Federal Bureau of Investigation

Electronically signed and telephonically sworn this  18   day of October 2024.

_____
UNITED STATES MAGISTRATE JUDGE